| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
|---|---|---|
| Consejo de Titulares del Condominio Mansiones de Garden Hills<br><br>**Peticionario**<br><br>V.<br><br>Orlando E. Torres, Sarah Fernández Soto y la Sociedad Legal de Gananciales Compuesta por Ambos<br><br>**Recurridos** | TA2025AP00521 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Civil. Núm. GB2024CV00665<br><br>Sobre:<br>Cobro de Dinero (Ordinario) Ley de Condominios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de diciembre de 2025.

El 6 de noviembre de 2025, el Consejo de Titulares del Condominio Mansiones de Garden Hills (Consejo de Titulares o la parte peticionaria) compareció ante nos mediante *Escrito de Apelación*[1] y solicitó la revisión de una *Orden* que se dictó el 7 de octubre de 2025 y se notificó el 8 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Guaynabo (TPI). Mediante el aludido dictamen, el TPI denegó una *Solicitud de Enmienda de Sentencia Nun Pro Tunc* que presentó la parte peticionaria. Particularmente resolvió lo siguiente: "Por no tratarse de una enmienda de forma, no tiene disponible el vehículo procesal de la enmienda *nun pro tunc*."

---

[1] Acogemos la apelación de epígrafe como un *certiorari* por ser el recurso adecuado para la revisión de la determinación recurrida. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó.

Por los fundamentos que expondremos a continuación, ***denegamos*** el recurso de epígrafe.

I.

El 4 de agosto de 2024, el Consejo de Titulares presentó una *Demanda* sobre cobro de dinero contra el Sr. Orlando E. Torres, su esposa, la Sra. Sarah Fernández Soto, y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, los recurridos).[2] Así las cosas, estos últimos fueron personalmente emplazados el 22 de agosto de 2024.[3] Los recurridos no presentaron su alegación responsiva dentro del término provisto por ley por lo que se les anotó en rebeldía. Posteriormente, el 3 de febrero de 2025, el TPI dictó una *Sentencia* que se notificó el 4 de febrero de 2025, en la cual declaró Ha Lugar la *Demanda* y ordenó a los recurridos a pagar una suma de $15,412.38 por concepto de cuotas de mantenimiento, derramas, seguro comunal, intereses y penalidades.[4] De igual forma, les impuso el pago de $500.00 por concepto de costas, gastos y honorarios de abogado.

Aproximadamente ocho (8) meses luego de que se dictó la *Sentencia* del presente caso, a saber, el 6 de octubre de 2025, la parte peticionaria presentó una *Solicitud de Enmienda de Sentencia Nun Pro Tunc*.[5] En esta, hizo constar que el nombre de la co-demandada, la Sra. Sarah Fernández Soto, era en realidad Sara Fernández Sotomayor según un estudio de título anejado a una de las mociones que presentó en el caso. Así pues, al amparo de la Regla 49.1 de Procedimiento Civil, 32 LPRA Ap. V, R.49.1, solicitó que se corrigiera el nombre de la co-demandada para que se pudiera anotar la *Sentencia* en el Registro y que se pudiese llevar a cabo su ejecución.

---

[2] *Véase*, Entrada Núm. 1, SUMAC TPI.
[3] *Véase*, Entrada Núm. 7, SUMAC TPI.
[4] *Véase*, Entrada Núm. 14, SUMAC TPI.
[5] *Véase*, Entrada Núm. 15, SUMAC TPI.

Atendida esta solicitud, el 7 de octubre de 2025, el TPI dictó una *Orden* que se notificó el 8 de octubre de 2025.[6] Allí, denegó la *Solicitud de Enmienda de Sentencia Nun Pro Tunc* que presentó el Consejo de Titulares bajo el fundamento de que la enmienda solicitada no era una de forma por lo que la peticionaria no tenía disponible el vehículo procesal de la enmienda *nun pro tunc*. Inconforme con esta determinación, el 8 de octubre de 2025, el Consejo de Titulares presentó una solicitud de reconsideración.[7] Ese mismo día, el TPI dictó y notificó una *Orden* declarando No Ha Lugar la solicitud de reconsideración.[8]

Aún en desacuerdo, el 6 de noviembre de 2025, el Consejo de Titulares presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE ENMIENDA DE SENTENCIA NUN PRO TUNC PARA CORREGIR EL NOMBRE DE LA CO-DEMANDADA-APELADA.**

Atendido el recurso, el 10 de noviembre de 2025, emitimos una *Resolución* concediéndole a los recurridos hasta el 21 de noviembre de 2025 para presentar su oposición al recurso. Vencido el término para ello, sin que los recurridos presentaran su postura en cuanto al recurso, lo damos por perfeccionado y procedemos a resolver el asunto ante nos. *Veamos.*

## II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera

---

[6] *Véase*, Entrada Núm. 16, SUMAC TPI.
[7] *Véase*, Entrada Núm. 17, SUMAC TPI.
[8] *Véase*, Entrada Núm. 18, SUMAC TPI.

discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, *supra*, el Tribunal Supremo resolvió que "las resoluciones atinentes a asuntos postsentencia [como la que tenemos ante nuestra consideración] no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*. De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Se corre el riesgo, por lo tanto, de que fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso." *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012). Establecido lo anterior, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Íd. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró, supra.* La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando éste haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

**III.**

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro

ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**IV.**

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones